No. 25-12271-A

# JURISDICTIONAL QUESTIONS

(1) Please address whether the district court's April 8, 2025, docket-entry order was effective to dismiss Marlon Maurice Ellis's 28 U.S.C. § 2254 petition. *See* Fed. R. Civ. P. 41(a)(1)(A) ("[A] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves . . . an answer . . . ."); *id.* R. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."); *Sanchez v. Discount Rock & Sand, Inc.*, 84 F.4th 1283, 1292 (11th Cir. 2023) (explaining that "Rule 41(a)(2) . . . doesn't require a motion" and that "[this Court has] approved dismissal orders that treated [R]ule 41(a)(1)(A) notices . . . as requests for a [R]ule 41(a)(2) court order," and holding that one such order complied with the requirements of Rule 41(a)(2) because "it set forth the terms of the dismissal").

(2) Please address whether Ellis has standing to appeal from the dismissal. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (explaining that, under Article III of the Constitution, this Court's jurisdiction is limited to "cases" and "controversies," which require, *inter alia*, standing); *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003) (explaining that it is a jurisdictional requirement that litigants establish their standing to appeal and that only parties who are aggrieved by a ruling may appeal); *Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) (explaining that a plaintiff generally "cannot appeal an order granting a voluntary dismissal without prejudice under Rule 41(a)(2)" because such a dismissal "does not qualify as an involuntary adverse judgment" (quotation marks omitted)).