No. 25-12271-A

In the

# United States Court of Appeals
## for the Eleventh Circuit

Marlon Maurice Ellis,

*Petitioner/Appellant,*

v.

Edward Philbin, Warden,

*Respondent/Appellee.*

On Appeal from the United States District Court
Northern District of Georgia, Atlanta Division.
No. 1:24-CV-02825-AT – *Amy Totenberg, District Judge*

## RESPONSE TO JURISDICTIONAL QUESTION

Christopher M. Carr
  *Attorney General of Georgia*
Beth A. Burton
  *Deputy Attorney General*
Meghan H. Hill
  *Senior Assistant Attorney General*

Office of the Georgia
Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3286
mhill@law.ga.gov

*Counsel for Appellee*

# CERTIFICATE OF INTERESTED PERSONS

I hereby certify that the following persons may have an interest in the outcome of this habeas corpus case filed by a state prisoner:

1) Carr, Christopher M., Attorney General – Counsel for Respondent/Appellee;

2) Ellis, Marlon Maurice – Petitioner/Appellant;

3) Headrick, Ashleigh D. – Counsel for Respondent/Appellee;

4) Hill, Meghan H. – Counsel for Respondent/Appellee;

5) Howard, Hon. Anna W. – United States Magistrate Judge;

6) Howard, Paul, Former District Attorney – State Prosecutor;

7) Macks, Richard – State Trial Counsel;

8) Mallon, Marc A. – State Prosecutor;

9) Padgett, Hon. J. Wade – First Habeas Corpus Judge;

10) Philbin, Edward, Warden – Respondent/Appellee;

11) Russell, Hon. Constance C. – State Trial Judge;

12) Tarleton, Michael – State Appellate Counsel;

13) Totenberg, Hon. Amy – United States District Judge;

14) Wright, Hon. Ashley – Second Habeas Corpus Judge.

# RESPONSE TO JURISDICTIONAL QUESTION

On April 4, 2024, Petitioner-Appellant Marlon Ellis filed a federal habeas petition challenging his 2012 Fulton County jury trial convictions and sentences for aggravated sexual battery, sexual battery, and child molestation, affirmed on appeal. Docs. 1, 9. Respondent Warden Philbin answered and moved to dismiss the petition as untimely on February 2, 2025. Docs. 15–17.   Ellis filed a motion for default judgment, a motion to dismiss, a motion for default and relief, and a response to the Warden's answer. Docs. 19–22. Then, on April 7, 2025, Ellis filed a "Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i)." Doc. 24.

The next day, the district court entered an order by docket entry noting that Ellis had filed a notice of voluntary dismissal and dismissing the action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Ellis then filed a motion for reconsideration and a motion for a certificate of appealability. Docs. 26, 27. In the motion for reconsideration, Ellis indicated that he did not realize a Rule 41 dismissal would operate to dismiss his case and asserted that he did not want to do so. Doc. 27. The district court denied his motion for reconsideration and later denied the motion for a certificate of appealability. Docs. 33, 38. Ellis filed a notice of appeal from the

dismissal (Doc. 30),[1] and the appeal was docketed in this Court on July 2, 2025.

For unknown reasons, counsel for the Warden was not listed as counsel when the case was docketed in the Eleventh Circuit and thus did not receive notice of the docketing or any orders, including a jurisdictional question this Court posed to the parties. The Court asked the parties to respond to two questions: (1) whether the district court's April 8, 2025, docket-entry order was effective to dismiss Ellis's § 2254 petition; and (2) whether Ellis has standing to appeal from the dismissal.[2]

The answers to the Court's questions are (1) yes, the order was effective, and (2) no, Ellis does not have appellate standing.

**1.** Rule 41(a)(1)(A) provides for a voluntary dismissal without a court order (subject to certain rules not applicable in this case) when a plaintiff files a notice of dismissal "before the opposing party serves either an answer or a motion for summary

---

[1] Ellis filed his notice of appeal prior to the district court's order denying his motion for reconsideration. Doc. 30, 33. He did not file a notice of appeal from the denial of his motion for reconsideration.

[2] As undersigned counsel was not noticed, the Warden did not reply to this question within the 14 days provided. Counsel recently received a copy of Ellis's November 10, 2025, response to the jurisdictional question and now provides the following response to the questions given.

judgment." Otherwise, an action may be dismissed at the plaintiff's request "only by court order, on terms that the court considers proper." Rule 41(a)(2).

The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2), although in most cases a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 857. Nothing in the rule or case law requires that this balance be weighed on the record.

The district court's docket entry order explicitly orders that the petition be dismissed under Rule 41(a)(2) and provides the terms: the dismissal was without prejudice. While the order is by docket entry, rather than separate written order, it complies with the requirements of Fed. R. Civ. P. 41(a), utilizing the subsection applicable to dismissal after the filing of an answer and providing the terms under which the dismissal shall occur.

There is nothing in the rules or elsewhere that prohibits the district court from construing a notice of voluntary dismissal (which happens to be filed after an answer) as a motion that it can then grant. In *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001), for instance, this Court affirmed a dismissal order under Rule 41(a)(2) that came before the district court on a Rule 41(a)(1) notice. Indeed, this Court has affirmed that a district court may even act *sua sponte* to dismiss a case without prejudice under Rule 41(a)(2) so long as the dismissal is by order and includes the terms of the dismissal. *Pontenberg*, 252 F.3d at 1256 fn. 1; see also *Kotzen v. Levine*, 678 F.2d 140, 141, fn. 3 (11th Cir. 1982). Likewise, in *Sanchez v. Discount Rock & Sand, Inc.*, 84 F.4th 1283, 1292 (11th Cir. 2023), the Court made clear that such an order complies with Rule 41(a) as long as it provides the relevant terms, and dismissal without prejudice constitutes sufficient terms. Lastly, the Warden has identified no authority that disallows an order dismissing a petition without prejudice to occur by docket entry as opposed to a separate order.

**2.** As to standing: Ellis cannot appeal an order that he asked for, where he received the very relief that he requested. Thus, as the district court order dismissing the petition without prejudice granted Ellis the precise result requested and did not place any

conditions on that dismissal, Ellis has no standing to appeal from said order.

Article III of the Constitution, limits this Court's authority to "Cases" and "Controversies." U.S. Const. art. III, § 2. "To have a case or controversy, a litigant must establish that he has standing, which must exist "throughout all stages of litigation,'" including on appeal. *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019) (citations omitted). To establish standing, a litigant must prove that "he has suffered a concrete and particularized injury," which on appeal primarily means adverseness. *Id.*

"As a general rule, a plaintiff is not adverse to a voluntary dismissal he requested." *Corley v. Long-Lewis Inc.*, 965 F.3d 1222, 1223 (11th Cir. 2020). While this Court has found standing to arise from an order attaching certain onerous legal conditions to a voluntary dismissal, a conditionless, "voluntary dismissal *without prejudice* does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned." *Versa Prods. v. Home Depot, USA, Inc.*, 387 F.3d 1325 (2004) (citation omitted and emphasis added); *see also Knight v. Alabama*, 14 F.3d 1534, 1555 (11th Cir. 1994); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976). Because the dismissal in this case occurred without prejudice and with no conditions that would impede or prevent

Ellis from merely refiling his habeas petition, he has no standing to contest the district court's order.

Ellis's later filing informing the district court that he had not *intended* to voluntarily dismiss his petition, Doc. 27, does not change this. While it is true that pro se pleadings are to be "liberally construed" and held to a less stringent standard than attorney drafted pleadings, the plain language of Ellis's dismissal notice cited to Rule 41(a)(1) and indicated that "this action is voluntarily dismissed" and that such dismissal was to be without prejudice. (Doc. 24); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). He cannot now complain that the district court granted him, without exception, what he had explicitly requested. *Cf. LeCompte,* F2d. at 604 (standing found when conditions amounting to legal prejudice were attached to the grant of the requested dismissal).

Ellis asked for dismissal without prejudice, got dismissal without prejudice, and is not barred by the district court's order from simply refiling his petition. This appeal would have him argue against his own relief, and he lacks standing to do that.

Respectfully submitted,

CHRISTOPHER M. CARR          112505
Attorney General

BETH A. BURTON              027500
Deputy Attorney General

s/ Meghan H. Hill _____
MEGHAN H. HILL              342572
Senior Assistant Attorney General

Please serve:
MEGHAN H. HILL
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334
(404) 458-3286
mhill@law.ga.gov

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitation of Rule 27(d)(2) of the Federal Rules of Appellate Procedure because it contains 1589 words as counted by the word-processing system used to prepare the document.


<u>/s/ Meghan H. Hill</u>
Meghan H. Hill

## CERTIFICATE OF SERVICE

I certify that on November 14, 2025, I served the above

response by placing a copy in the United States Mail, with

sufficient postage and properly addressed upon:

> Marlon Maurice Ellis
> GDC #962886
> Wilcox State Prison
> P.O. Box 397
> Abbeville, Georgia 31001

/s/ *Meghan H. Hill*
Senior Assistant Attorney
General